# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 5, 2015

151039 & (102)(103)

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein,
Justices

In re N. S. A. McCARTHY, Minor.

SC: 151039
COA: 318855
Oakland CC Family Division:
07-739244-NA

_____/

On order of the Court, the motion for immediate consideration and the motion to expand the record are GRANTED. On May 5, 2015, the Court heard oral argument on the application for leave to appeal the January 15, 2015 judgment of the Court of Appeals. The application is again considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REMAND this case to the Oakland Circuit Court for further proceedings, including, within 60 days, a permanency planning hearing conducted pursuant to MCL 712A.19c. At that hearing, the court shall consider whether it is in the child's best interests to appoint a guardianship with the child's grandparents. In determining the best interests of the child, the court may utilize the factors provided in MCL 722.23, including "[t]he reasonable preference of the child . . . ." In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.

We do not retain jurisdiction.

YOUNG, C.J. (*concurring/dissenting*).

In denying this appeal, the Court has made no determination that the family court erred by finding that termination of respondent's parental rights was in the child's best interests. Therefore, I respectfully dissent from that part of the Court's order that presumes to direct the family court's future actions. I see no legitimate basis for this Court to enter an order remanding for a permanency planning hearing to consider whether to appoint a guardianship with the child's grandparents. That *may* be an appropriate consideration, but it is not *our* call to make.

The issue raised, briefed, and argued before this Court had nothing to do with the family court's *posttermination* proceedings. The majority's order in this case is, in my view, disrespectful of the family court as well as the parties, including the lawyer-guardian ad litem, who might be expected to follow the law and advance the interests of the teenaged child in question. There is no live controversy for us to resolve, and the majority simply has no constitutional basis to intervene in the posttermination proceedings at this time. See *King v Mich State Police Dep't*, 303 Mich App 162, 188 (2013).

The most significant fact undermining the majority's action is that there is no indication in the record before us that the family court has failed in any way to consider a guardianship with the child's grandparents or to hold the statutorily mandated hearings. In fact, we know that (1) the family court has a plan in place for the child that has allowed her to be placed with her grandparents, which has worked well so far as we know, (2) the family court conducted a review hearing on April 27, 2015, (3) the family court has scheduled a hearing for July 27, 2015, for a "permanent custody review," and (4) the family court held a permanency planning hearing in the past.

In sum, there is no basis in law or equity for this Court to intervene to impose its views and direct the future proceedings below, especially when it appears that the family court is meeting its statutory obligations under MCL 712A.19c and is working on a suitable placement plan for the child.

Therefore, I would simply deny leave to appeal and permit the family court to continue to exercise its lawful discretion.

VIVIANO, J., joins the statement of YOUNG, C.J.





I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 5, 2015

Clerk

p0602